UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
SHAPAT AHDAWAN NABAYA,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 13-1912 (RBW)
                                      )
JOHN A. DUDECK, JR.,                  )
                                      )
            Defendant.                )
_____)

**MEMORANDUM OPINION**

Plaintiff Shapat Ahdawan Nabaya, proceeding pro se, alleges that the actions of defendant John Dudeck, Jr., formerly an attorney with the Department of Justice Tax Division, violated his rights under the United States Constitution. See Petition for a Writ of Mandamus ("Compl.") at 8–9.[1] This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(5), and (b)(6) ("Def.'s Mot.") and the plaintiff's motions to amend his complaint and for recusal of the undersigned. For the reasons set forth below, the Court will grant the plaintiff's motion to amend his complaint to add Geoffrey Klimas as a defendant but will sua sponte dismiss the claim relating to him, deny the plaintiff's remaining motions, and grant the defendant's motion to dismiss this case with prejudice.[2]

---

[1] The plaintiff's complaint is a collection of separately paginated documents that were filed together with a cover page containing the title "Petition for a Writ of Mandamus." Many of the plaintiff's other filings in this case are similarly comprised of separately paginated documents, some of which appear to be documents addressed to other courts. For ease of reference, the Court will use the pagination assigned to each of the plaintiff's filings by the Court's Electronic Case Filing System.

[2] In addition to the documents already referenced, the Court considered the following filings in reaching its decision: (1) the Memorandum in Support of Defendant's Motion to Dismiss ("Def.'s Mem."); (2) the plaintiff's Demand for a Jury Trial Date and Time [and] Objection to Defense Motion to Dismiss, ECF No. 26 ("Pl.'s Opp'n"); (3) the

(continued . . .)

# I. BACKGROUND

The Court has struggled with little success to distill exactly what the plaintiff is asserting in his complaint, and thus must resort to the defendant's brief and submissions in its attempt to discern the relevant factual background. What follows is that assessment.

At some time prior to the filing of the plaintiff's complaint, the Internal Revenue Service ("IRS") attached a levy to his pension to obtain payment for outstanding taxes. See Compl. at 9, 12, 16, 19; Def.'s Mem. at 5. The defendant represented the United States in a case concerning the legality of the levy before the United States Court of Appeals for the Federal Circuit, which was subsequently transferred to the United States Court of Appeals for the Fourth Circuit. See Compl. at 16; Def.'s Mem. at 5. During the pendency of that case, the plaintiff moved to add Dudeck as a defendant in that case. Compl. at 20.

The plaintiff alleges that Dudeck's conduct during the case before the Federal Circuit was wrongful because (1) "he represented the Government in a case that had conflicting orders in it," (2) he "represent[ed] the Government in a case where the Government does not have [a] superior interest," and (3) he "erred by representing the Government in said case while proof was submitted in court concerning a conflict of interest in the proceedings," actions that the plaintiff alleges violated the Fourth, Fifth, Thirteenth, and Fourteenth Amendments, as well as Article I,

---

(. . . continued)
Reply in Support of Defendant's Motion to Dismiss ("Def.'s Reply"); (4) the plaintiff's Memorandum in Opposition to Motion to Dismiss, ECF No. 40 ("Pl.'s Supp. Opp'n"); (5) the plaintiff's Petition to Amend Complaint, ECF No. 29 ("Pl.'s Mot. Amend"); (6) the defendant's Opposition to Plaintiff's Petition to Amend Complaint ("Def.'s Opp'n"); (7) the plaintiff's Petition to Amend Complaint to Add Robert J. Branman ("Pl.'s 2d Mot. Amend"); (8) the defendant's Opposition to Plaintiff's Petition to Amend Complaint; (9) a document entitled "Petition for a Writ of Mandamus" containing the above-captioned case number, with a modified caption identifying this Court as the Court to which it is directed and entitled, "In Rem: Shapat A. Nabaya [v]s. Reggie B. Walton," which the Court construes as either a motion to amend or a motion for recusal of the undersigned ("Mot. Recuse"); and (10) a document filed by the plaintiff entitled "Petition for Mandamus Judicial Notice" seeking to amend his complaint to add claims against the Clerk of Court, the United States Attorney General, and the United States Secretary of State ("Pl.'s 3d Mot. Amend").

Section 10, Clause 1 of the United States Constitution.  See id. at 7–8, 12.  The plaintiff also notes that "there is no record that the [IRS] filed all [its] documents under the penalty of perjury like the petitioner did," id. at 17, and that the plaintiff "is not in possession of the oath of office and bond of this employee proving that he is in fact a government employee," id. at 19, two complaints that the plaintiff has repeatedly raised in his filings, see, e.g., Pl.'s Opp'n at 1–2. Finally, the plaintiff also appears to challenge the legality of the levy attached to his pension, although he has provided the Court with no facts about the levy except that there is no court order authorizing it.  See Compl. at 9, 12, 19.  As relief, he seeks a writ of mandamus against the defendant, see id. at 16–17, and compensatory and punitive damages of $400,000, see id. at 18.

The defendant has moved to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(5), and (b)(6), with prejudice.  Def.'s Mot. at 1–2.  The defendant has also informed the Court of the plaintiff's four previous lawsuits concerning the validity of the levy on his pension.  Def.'s Mem. at 3–5.  In response, the plaintiff filed two oppositions and motions to amend his complaint to add the attorney of record in this case, Geoffrey Klimas; the attorney who currently represents the United States in the plaintiff's case before the Fourth Circuit, Robert J. Branman; the Clerk of this Court; the United States Attorney General; and the United States Secretary of State as defendants in this litigation.

The plaintiff has also filed a document entitled "Petition for a Writ of Mandamus" listing the above-captioned case number with a modified caption identifying this Court as the Court to which it is directed and entitled "In Rem: Shapat A. Nabaya [v]s. Reggie B. Walton."  Mot. Recuse at 1.  In the document, the plaintiff alleges generally that the undersigned is violating the Constitution and several statutes by not immediately granting the plaintiff a writ of mandamus against the defendant, and requests "that this court issue an order directing defendant Walton to

3

serve the defendants in the lower court with subpoenas, Writs, hold an evidentiary hearing and give a date for a jury trial or show cause why these ministerial duties can not [sic] be performed." Id. at 1–2, 4.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) allows a party to move to dismiss "for lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss under Rule 12(b)(1), "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation omitted). "Although 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must receive the "benefit of all inferences that can be derived from the facts alleged." Am. Nat'l Ins. Co., 642 F.3d at 1139 (citation and internal quotation marks omitted). But raising a "sheer possibility that a defendant has acted unlawfully" fails to satisfy the facial plausibility requirement. Iqbal, 556 U.S. at 678. Rather, a claim is only facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth." Id. at 679.

Finally, "[a] pro se complaint," such as the plaintiff's, "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" Id. (quoting Iqbal, 556 U.S. at 678–79).

### C. Federal Rule of Civil Procedure 15

Rule 15 provides that "[a] party may amend its pleading once as a matter of course" twenty-one days after service of the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). After that time has elapsed, the initial pleading may be amended "only with the opposing party's written consent or the court's leave." Id. 15(a)(2). While the Court has sole discretion to grant or deny leave to amend, "[l]eave to amend a [pleading] should be freely given in the absence of undue

5

delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The rationale for this perspective is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

### III. ANALYSIS

#### A. The Plaintiff's Motions to Amend

On March 13, 2014, the plaintiff filed a motion to amend his complaint to add a claim against counsel of record in this case, Geoffrey Klimas, alleging that "[i]t is a violation of law for defendant Klimas to defend defendant Dudeck because defendant Dudeck retired as of Jan[uary] 31, 2014" and that "Defendant Klimas is a defendant in this case and he [has] a conflict of interest." Pl.'s Mot. Amend at 1. The defendant argues that the plaintiff's amendment should be denied because it is futile and made in bad faith. Def.'s Opp'n at 1–2. While this Court agrees that the amendment is futile and in bad faith because there is no private cause of action to challenge the Department of Justice's decision to provide a federal employee with legal representation, see Falkowski v. EEOC, 783 F.2d 252, 253–54 (D.C. Cir. 1986), because Klimas' participation in this case is not unlawful under 18 U.S.C. § 208 (2012) or 5 C.F.R. § 2635.502 (2012), and because the amendment is an attempt to deprive Dudeck of representation, see Pl.'s Mot. Amend at 1 ("Dudeck must get a private lawyer."), the plaintiff nonetheless filed his motion to amend only days after the defendant filed a motion to dismiss pursuant to Rule 12(b)(6),[3] and thus the plaintiff was entitled to amend his complaint once as a matter of right

---

[3] The plaintiff appears to have filed identical motions to amend his complaint on March 10 and 13, 2014. See ECF Nos. 20, 29. Because the plaintiff is permitted to amend his complaint as a matter of right within 21 days of service
(continued . . .)

6

under Federal Rule of Civil Procedure 15(a)(1). See Nattah v. Bush, 605 F.3d 1052, 1056 (D.C. Cir. 2010) (holding that district court erred in not considering plaintiff's amended claims to add an additional defendant when amendment was made as a matter of right under Rule 15(a)(1)). The Court must therefore grant the plaintiff's motion to amend his complaint to join Geoffrey Klimas as a defendant and to add a claim regarding Klimas' representation of Dudeck in this litigation.

The plaintiff's amendment of his complaint will be short-lived, however, because as the Court just noted, there is no private cause of action that arises from the Department of Justice's decision to provide representation to a federal employee, see Falkowski, 783 F.2d at 253–54, and Klimas' participation in this case is not unlawful under 18 U.S.C. § 208 or 5 C.F.R. § 2365.502, which address conflicts of interest due to personal financial and business circumstances. Accordingly, the Court will sua sponte dismiss the plaintiff's claim against Geoffrey Klimas for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff subsequently filed a second motion to amend his complaint, this time seeking to add claims against Robert Branman for "violating Federal laws by not filing his sworn statement with the U.S. Court of Appeals for the Fourth Circuit," because "[a] criminal complaint has been filed against defendant Branman which makes his actions unlawful," and because "[i]t is unlawful for defendant Branman to hold back discovery and violate the plaintiff's right to an impartial proceeding free of corruption and conflicts." Pl.'s 2d Mot. Amend at 1. The plaintiff having already amended his complaint once as a matter of course, he must now obtain leave of the court to amend his complaint again. See Fed. R. Civ. P. 15(a)(2). The Court finds

---

(. . . continued)
of a motion to dismiss under Rule 12(b), the Court will disregard the March 10 motion, which falls outside of the timeframes set forth by Rule 15 for amendment as of right. See Fed. R. Civ. P. 15(a)(1).

that this second proposed amendment is futile because the plaintiff's allegations would not withstand a motion to dismiss pursuant to Rule 12(b)(6). The Court finds no authority to support a cause of action against Branman based on any of the allegations contained in the plaintiff's motion to amend his complaint, all of which involve the plaintiff's disagreement with actions taken or not taken by Branman in the appellate proceedings before the Fourth Circuit. Accordingly, the plaintiff's motion to amend his complaint to add claims against Robert Branman is denied.

Finally, the plaintiff filed a third motion to amend his complaint,[4] seeking to add claims against the Clerk of this Court, the United States Attorney General, and the United States Secretary of State. Pl.'s 3d Mot. Amend at 1. The plaintiff seeks a writ of mandamus against the Clerk of Court "because she has a ministerial duty to issue a summons with this writ of mandamus on defendants Geoffrey J. Klimas and Robert J. Branman." Id. As to the Attorney General and the Secretary of State, the plaintiff seeks a writ of mandamus against them as well "because they have a ministerial duty to ensure that defendants Dudeck, Klimas, and Branman act according to law," specifically, they "have a duty to stop the defendants from committing fraud on the court by not having an oath filed and not having notarized law licenses." Id. As with the plaintiff's second proposed amendment, these allegations would not withstand a motion to dismiss under Rule 12(b)(6), and so the Court will also deny this proposed amendment as futile. The plaintiff's motions to amend his complaint to add Klimas and Branman as defendants remained pending until the issuance of this opinion and accompanying order, and so the Clerk of

---

[4] Although the plaintiff styled this document as a "notice" to the Court of his addition of claims against the Clerk of Court, the Attorney General, and the Secretary of State, as already noted, the plaintiff must seek leave to amend his complaint at this point. See Fed. R. Civ. P. 15(a)(2).

Court had no duty whatsoever regarding these individuals until the Court resolved the plaintiff's motions to amend his complaint to add claims against them. With respect to the Attorney General and the Secretary of State, there is no authority requiring that attorneys representing the United States file an oath of office with the Court[5] or requiring that attorneys file a "notarized law license" in the cases in which they appear. See Local Civ. R. 83.2 (setting forth the requirements for attorneys practicing before this Court). Because there is no requirement that the defendant or counsel of record in this case do either of these things, there can be no duty on the part of the Attorney General or the Secretary of State to compel them to do so. Accordingly, the plaintiff's motion to amend his complaint to add claims against the Clerk of Court, the Attorney General, and the Secretary of State is denied.

**B. The Plaintiff's Motion for Recusal**

The plaintiff recently filed a document entitled "Petition for a Writ of Mandamus," which purports to name the undersigned as a defendant in this case and to seek a writ of mandamus to require the undersigned to grant the plaintiff immediate relief against John Dudeck, Geoffrey Klimas, and Robert Branman. Because the plaintiff has not filed a separate case against the undersigned, and, in any event, neither the undersigned nor any other member of this Court is

---

[5] The plaintiff has repeatedly stated his belief that attorneys for the government are required to file an oath of office with a court before which they appear. See, e.g., Petition for Counsel to File His Oath of Office and Bond on the Docket Under the Morton Act, ECF No. 14. The Court notes that the authorities for this alleged requirement cited by the plaintiff in his other filings do not support this contention. The plaintiff primarily relies on 5 U.S.C. § 2906, which states that "[t]he oath of office taken by an individual . . . shall be delivered by him to, and preserved by, the House of Congress, agency, or court to which the office pertains." On its face, the statute requires only that the Department of Justice retain the oath of office taken by its employees, not that its employees file any such document with a court before which they appear. The other statutes and regulations referenced by the plaintiff are plainly inapplicable, and this Court knows of no authority supporting the proposition that the Fifth Amendment of the Constitution imposes such a duty. Finally, the plaintiff's reference to the "Morton Act" will be disregarded, as the only law the Court could locate bearing the name "Morton Act" is a Texas state law which is, in any event, also plainly inapplicable.

9

empowered to grant a writ of mandamus against the undersigned,[6] see United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citations omitted); see also Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (per curiam) ("[T]he writ of mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." (emphasis added) (citation and internal quotation marks omitted)), the Court construes this document as a motion for recusal of the undersigned. This construction is further supported by the plaintiff's citation of 28 U.S.C. § 455 (2012), the statute governing recusal of federal judges. See Mot. Recuse at 2.

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Recusal is necessary where "a reasonable and informed observer would question the judge's impartiality." SEC v. Loving Spirit Found., Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) (citation and internal quotation marks omitted). But "judicial rulings almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

The plaintiff's sole basis for seeking recusal of the undersigned is his dissatisfaction with the Court's handling of his case. He asserts that the undersigned has not granted his requested relief against John Dudeck, Geoffrey Klimas, and Robert Branman quickly enough,[7] Mot. Recuse at 2, disagrees with the Court's March 12, 2014 order denying his motions seeking discovery and requesting that the Court set a trial date while a motion to dismiss is pending, see

---

[6] To the extent the plaintiff's motion may be construed as a motion to amend his complaint to add a claim for mandamus relief against the undersigned, it is denied as futile for this same reason.

[7] The Court notes that this case has been pending for less than six months, and the plaintiff did not file notice that service of process had been effected until January 27 and 29, 2014, less than four months ago.

10

id. at 2–4, and alleges that the Court is permitting Dudeck, Klimas, and Branman "to file perjured statements because no statements of those defendants are sworn under perjury," id. at 2–3, an accusation that forms the basis of numerous duplicative motions currently pending before the Court.[8] These allegations regarding the Court's case management and decisions are simply insufficient to warrant recusal. See Loving Spirit Found., 392 F.3d at 494 ("[I]f disqualification were required merely as the result of [a party's] disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt." (citation and internal quotation marks omitted)). Accordingly, the plaintiff's motion for recusal of the undersigned is denied.[9]

**C. The Defendant's Motion to Dismiss**

The defendant advances a number of arguments in support of dismissal of the plaintiff's complaint. Despite being advised by this Court that he must respond to each argument raised by the defendant in his motion to dismiss, see ECF No. 21 at 1, the plaintiff has made no attempt whatsoever to respond to any of the defendant's arguments, see generally Pl.'s Opp'n; Pl.'s Supp. Opp'n. While it is well-settled that a court may treat any argument that a plaintiff fails to

---

[8] While the Court will deny the plaintiff's numerous motions on this topic as moot because the Court grants the defendant's motion to dismiss, the Court notes that the plaintiff's repeated citation of Federal Rule of Evidence 603 as requiring counsel in this and his other cases to file their submissions to a court under the penalty of perjury, see Mot. Recuse at 2–3, is incorrect. Rule 603 requires that a witness in a proceeding give an oath or affirmation before testifying, and it is therefore wholly inapplicable to attorneys representing a party before a court. See Fed. R. Evid. 603.

[9] A second motion for recusal was subsequently filed. The Court need not address it separately because it too is based exclusively on the plaintiff's disagreement with actions that the undersigned has taken or not taken during the pendency of this case, and so also fails to set forth a sufficient basis requiring recusal of the undersigned. In the interest of ensuring that the plaintiff understands this Court's action in dismissing his case on a motion to dismiss, the Court briefly addresses one of the plaintiff's chief complaints against the undersigned—that this Court "ha[s] no authority over a jury to decide a case over the demands of a party's right to have a jury trial." Mot. Recuse at 3. The plaintiff is incorrect on this point. As discussed further below, this Court agrees with the defendant that even if all of the facts that the plaintiff has alleged are true, he is not entitled to relief under the law. The Court is entirely within its authority to grant judgment to the defendant as a matter of law, and the plaintiff has no right to a jury trial under such circumstances. Cf. Sartor v. Ark. Natural Gas Corp., 321 U.S. 620, 627 (1944) (noting that Federal Rule

(continued . . .)

address in his opposition to a motion to dismiss as conceded, Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (Walton, J.), aff'd, 98 F. App'x 8 (D.C. Cir. 2004), because of the plaintiff's pro se status, the Court will address the defendant's dispositive arguments on their merits.

### 1. The Plaintiff's Claim for Mandamus Relief

As an initial matter, the defendant argues that the Court lacks subject matter jurisdiction over the plaintiff's claim because "[a] suit against a federal employee in his official capacity is essentially a suit against the United States," and the plaintiff has identified no waiver of the United States' sovereign immunity. Def.'s Mem. at 14–15. It is axiomatic that the United States, as a sovereign, generally cannot be sued unless it consents. United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation omitted). While the mandamus statute itself does not waive sovereign immunity, "sovereign immunity does not apply as a bar to suits alleging that an officer's actions were unconstitutional or beyond statutory authority, on the grounds that 'where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions.'" Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996) (quoting Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949)). The plaintiff here alleges that the defendant's actions as a federal officer violated his constitutional rights, see Compl. at 7–9, and therefore sovereign immunity does not bar his claim for mandamus relief.

The defendant also contends that this Court lacks personal jurisdiction over him because the plaintiff has failed to properly effect service of process on him. Def.'s Mem. at 12–13.

---

(. . . continued)
of Civil Procedure 56 permits a court to grant judgment to a party when it is entitled to judgment as a matter of law, but that granting judgment when contested issues of fact remain would infringe on the right to a jury trial).

While the Court agrees with the defendant, see Notice Regarding Service, ECF No. 6, that the plaintiff has not properly served him pursuant to Federal Rule of Civil Procedure 4 because he has neither delivered nor sent by registered or certified mail a copy of the summons and complaint to the United States Attorney for the District of Columbia, see Fed. R. Civ. P. 4(i)(1)(A), due to the plaintiff's pro se status, dismissal of his case without giving him the opportunity to perfect service is inappropriate, see Moore v. Agency for Int'l Dev., 994 F.2d 874, 876–77 (D.C. Cir. 1993). However, despite the Court's lack of personal jurisdiction over the defendant, the Court finds it proper to dismiss the complaint because the plaintiff's claim for mandamus relief plainly fails under this Circuit's well-established precedent. See Sherrod v. Breitbart, 720 F.3d 932, 936–37 (D.C. Cir. 2013) (holding that a court may assume jurisdiction when existing precedent dictates result on the merits); Chalabi v. Hashemite Kingdom of Jordan, 543 F.3d 725, 728–29 (D.C. Cir. 2008) (holding that a jurisdictional issue must be prioritized over a merits issue "only when the existence of Article III jurisdiction is in doubt"). Moreover, it would defy common sense to require the defendant to continue to defend against an action that is clearly meritless solely because the defendant first asserted a defense based on lack of personal jurisdiction, which may be waived by the defendant. Cf. Chalabi, 543 F.3d at 729 (finding consideration of statute of limitations defense before consideration of foreign sovereign immunity proper because "[i]t would hardly respect Jordan's sovereignty to require it to pay for jurisdictional discovery on claims plainly barred").

     Mandamus relief "is drastic; it is available only in extraordinary situations; it is hardly ever granted; those invoking the court's mandamus jurisdiction must have a clear and indisputable right to relief; and even if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary." In re Cheney, 406 F.3d 723, 729 (D.C. Cir.

2005) (en banc) (citation and internal quotation marks omitted). Mandamus is appropriate only when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to [the] plaintiff." Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002) (citation and internal quotation marks omitted). The duty in question must be solely "ministerial" in nature, "one that admits of no discretion, so that the official in question has no authority to determine whether to perform the duty." Swan, 100 F.3d at 977. The party seeking mandamus has the burden of showing that the relief is warranted. N. States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997). A court "do[es] not have authority under the mandamus statute to order any government official to perform a discretionary duty." Swan, 100 F.3d at 977.

Far from establishing the plaintiff's "clear right to relief" and the defendant's "clear duty to act," the plaintiff's complaint provides little detail as to what act or acts the plaintiff is even asking this Court to compel the defendant to perform. See Compl. at 19 (requesting that the Court "grant this petition for mandamus relief and cease all the actions of the respondent"). Most of the plaintiff's allegations relate to the defendant's representation of the United States in the proceedings before the Federal Circuit and then the Fourth Circuit. See id. at 8. The manner in which an attorney representing the United States conducts the United States' defense, including his or her choice of arguments to make on behalf of the United States, plainly involves the exercise of a great deal of discretion. Moreover, the plaintiff's appeal before the Fourth Circuit is currently pending, and he is thus not without an adequate remedy to redress whatever conduct he seeks to constrain, either by raising it before the Fourth Circuit, or by seeking relief from the Fourth Circuit's eventual decision if he does not prevail in that forum.

14

To the extent that the plaintiff is seeking to challenge the levy placed by the IRS on his pension because there is no court order authorizing the levy, see id. at 16, 18–19, his claim for mandamus relief also fails. As all of the other courts in which the plaintiff has litigated this issue have ruled, see Nabaya v. Stark, Nos. 3:13cv218-HEH, 3:13cv305-HEH, 2013 WL 2484661, at *4 (E.D. Va. June 10, 2013); Def.'s Mem., Exhibit ("Ex.") D (March 18, 2013 Order) at 3–4, the IRS may impose a levy on his pension without a court order, see 26 U.S.C. §§ 6330, 6331 (providing for collection of unpaid tax by levy and establishing administrative process for levying property). Thus, the defendant has no "clear duty" to remove the levy placed on the plaintiff's pension.

### 2. The Plaintiff's Claim for Damages

In addition to mandamus relief, the plaintiff seeks "compensatory and punitive damages" in the amount of $400,000. Compl. at 18. To the extent that the plaintiff is suing the defendant in his official capacity, his claim for damages is barred by sovereign immunity absent a statute waiving immunity and providing for money damages. See United States v. Testan, 424 U.S. 392, 400–01 (1976) ("[T]he asserted entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." (citations and internal quotation marks omitted)). The plaintiff identifies no applicable statute, and this Court finds none relevant to the allegations here.

To the extent that the plaintiff is suing the defendant in his personal capacity, the Court agrees with the defendant that he is entitled to qualified immunity. In order to determine whether a claim is barred by qualified immunity, a court considers "first, whether the alleged facts show that the individual's conduct violated a statutory or constitutional right, and, second, whether that right was clearly established at the time of the incident;" a district court is free to

begin the analysis with either prong of the inquiry. Atherton, 567 F.3d at 689 (citations omitted). A federal official's conduct will be protected by qualified immunity unless "'in the light of pre-existing law the unlawfulness [of the conduct] [is] apparent.'" Id. at 690 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The allegations here fail both prongs of the qualified immunity inquiry. The defendant's conduct in advancing arguments in defense of the United States in appellate proceedings initiated by the plaintiff is not in violation of any statute or the Constitution, and certainly is not conduct whose unlawfulness is apparent. And with respect to the validity of the levy on the plaintiff's pension, as noted above, at least two courts have already held that the IRS may levy the plaintiff's pension without a court order, rulings that are clearly supported by statute and case law. See 26 U.S.C. §§ 6330, 6331; G.M. Leasing Corp. v. United States, 429 U.S. 338, 349–52 (1977) (finding that seizure of property levied to pay unpaid tax did not violate Fourth Amendment). The defendant is thus entitled to qualified immunity from damages based on the allegations here. Because the plaintiff's claim for damages is barred by both sovereign and qualified immunity, the Court must grant the defendant's motion to dismiss his claim for damages.

### 3. Dismissal With Prejudice

Finally, the defendant asks this Court to dismiss the plaintiff's complaint with prejudice. In this Circuit, dismissal of a complaint with prejudice pursuant to Rule 12(b)(6) is disfavored, Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 225–26 (D.C. Cir. 2012) (Kavanaugh, J., concurring), and is appropriate "only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (citation and internal quotation marks omitted).

"Therefore, a complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice." Id.

Despite the high standard for dismissal with prejudice, the Court finds that it has been satisfied here. The Court can conceive of no allegations consistent with those already pleaded that would entitle the plaintiff to a writ of mandamus against a retired Department of Justice attorney for arguments he advanced on behalf of the United States in appellate proceedings before the Federal and Fourth Circuits. To the extent that the plaintiff is challenging the constitutionality of imposing a levy on his pension through an administrative process rather than by obtaining a court order, that claim has been conclusively rejected by other courts, and it is clearly foreclosed by G.M. Leasing Corp. And finally, as discussed above, there are no facts regarding the Department of Justice's choice to provide John Dudeck with representation in this litigation that would entitle the plaintiff to judicial review of this decision or provide the basis for any form of relief with respect to it. The plaintiff has now litigated the propriety of the IRS' levy of his pension and the actions of the IRS agents and government attorneys involved in one form or another in five different suits. See Def.'s Mem. at 3–5. Dismissal of the plaintiff's complaint with prejudice under these circumstances is clearly warranted.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion to amend his complaint to add Geoffrey Klimas as a defendant is granted, but the Court sua sponte dismisses the claim against him. The plaintiff's remaining motions are denied, and the defendant's motion to dismiss this case with prejudice is granted. Because the Court has dismissed the plaintiff's case, his other pending motions are denied as moot.

**SO ORDERED** this 28th day of April, 2014.[10]

REGGIE B. WALTON
United States District Judge

---

[10] An order consistent with this memorandum opinion will be issued contemporaneously.